IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS ROZUMEK,

    Plaintiff,

vs.

UNION CARBIDE CORPORATION, *et al.*,

    Defendants.

Case No. 15-cv-441-SMY-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Union Carbide Corporation's ("Union Carbide) Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) for Lack of Personal Jurisdiction (Doc. 43). For the following reasons, the Court GRANTS the motion.

Plaintiff alleges he was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers from products manufactured, sold, distributed, installed or promoted by Union Carbide. Union Carbide filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) arguing this Court lacks personal jurisdiction.

Plaintiff argues that jurisdiction exists because Union Carbide has conducted business "continually and regularly within [Illinois]" (Doc. 104, p. 3). In support, Plaintiff alleges Union Carbide has been registered to do business in Illinois since 1942. Plaintiff further alleges that Union Carbide is a wholly owned subsidiary of Dow Chemical Corporation which has 8 factory and office locations in Illinois, runs an Innovation Center at the University of Illinois, and contributed money and volunteers to restoration efforts in Illinois.

Here, because no material facts are in dispute, the Court may rule on Defendant's motion absent an evidentiary hearing. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002). Where a court rules on a Rule 12(b)(2) motion on paper, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Id*. at 713.

In diversity cases, a district court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Illinois' long-arm statute allows the exercise of jurisdiction to the full extent permitted under the Due Process Clause. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Accordingly, a district court sitting in Illinois must inquire whether the "defendant has certain minimum contact with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011)). Personal jurisdiction may be either specific or general. *Daimler AG*, 134 S. Ct. at 701-03.

Specific jurisdiction arises where an out-of-state "defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that 'arise out of or relate to those activities' *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Here, Plaintiff's alleged injuries do not arise out of or relate to Union Carbide's contacts with Illinois. As such, this Court lacks specific personal jurisdiction.

General jurisdiction arises over a foreign corporation "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851. With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction." *Daimler AG*, 134 S. Ct. at 760 (quoting Brilmayer *et al*, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)). A foreign corporation, however, may be "at home in the forum State" where its "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit." *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)); *see also Perkins v. Benguiet Consol. Mining Co.*, 342 U.S. 437 (1952) (general jurisdiction appropriate in Ohio over Philippine corporation where the company's affairs were overseen in Ohio during the war).

In this case, Plaintiff does not contend that Union Carbide is incorporated or maintains its principal place of business in Illinois. Further, Plaintiff has alleged insufficient facts to establish that Union Carbide's affiliation with Illinois is "so continuous and systematic as to render" it at home in Illinois. Plaintiff merely asserts that Johnson Controls, Inc. has a presence in Illinois including its registration to transact business and Dow Chemical Corporation's offices and activities in the state. The Supreme Court, however, has made it clear that the mere presence of a defendant in the forum does not subject it to all-purpose jurisdiction in that forum. *See Daimler AG*, 134 S. Ct. at 752, 762 (finding no general jurisdiction over a foreign corporation where subsidiary, whose actions were assumed attributable to the corporation, had multiple facilities and a regional office in the forum state).

For the foregoing reasons, the Court **GRANTS** Union Carbide's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) for Lack of Personal Jurisdiction (Doc. 43) and **DISMISSES** Plaintiff's claims against Union Carbide without prejudice.

**IT IS SO ORDERED.**

**DATED:** July 1, 2015

s/ Staci M. Yandle  
**STACI M. YANDLE**  
**DISTRICT JUDGE**