IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS ROZUMEK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-CV-441-SMY-SCW |
| | ) |
| **AIR & LIQUID SYSTEMS, INC. et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiff's Motion to Remand to State Court (Doc. 91). For the following reasons, the Motion is **GRANTED**.

Plaintiff originally filed this action in the Third Judicial Circuit, Madison County, Illinois, alleging injuries due to exposure to asbestos (*See* Doc. 1-1). Defendant Crane Co. ("Crane") removed the action to this Court pursuant to the provisions of 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer (Doc. 1). Defendant General Electric Company ("GE") timely filed a notice of removal and joinder in Defendant Crane's notice of removal (Doc. 14). No co-defendant has identified a basis for federal jurisdiction other than the federal officer removal statute, which only Crane and GE raised.[1]

On May 21, 2015, Plaintiff filed a Motion for Remand (Doc. 91). On June 25, 2015, GE filed a response in opposition to the Motion for Remand (Doc. 117). No other party timely responded to the pending Motion to Remand and the Court construes the lack of a response as an

---

[1] On July 2, 2015, over two months after the removal of this action, Defendant CBS Corporation ("CBS") filed a Notice of Joinder of Removal (Doc. 134). The Notice is clearly untimely. *See* 28 U.S.C. § 1446(b)(1).

1

admission of the merits of the Motion pursuant to Local Rule 7.1(c).[2] On July 1, 2015, the Court dismissed GE (Doc. 131). On July 9, 2015, Crane filed a notice of settlement notifying the Court that it had settled all claims with Plaintiff (Doc. 136).

The federal officer removal statute is an exception to the well-pled complaint rule, which requires federal jurisdiction to arise on the face of the complaint. *Ruppel v. CBS Corp.,* 701 F.3d 1176, 1180 (7th Cir.2012)(citing *Mesa v. California,* 489 U.S. 121, 136 (1989)). Section 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not apply to all of the claims. *Alsup v. 3–Day Blinds, Inc.,* 435 F.Supp.2d 838, 844 (S.D.Ill.2006). The claims not subject to the federal officer jurisdiction are subject to a type of ancillary jurisdiction. *Futch v. AIG Inc.,* 2007 WL 1752200 at *4 (S.D.Ill. 2007) (citing 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3727 (3d ed. 1998 & Supp. 2007)). The district court should consider principles of "comity, federalism, judicial economy, and fairness to litigants," when considering whether to continue to exercise jurisdiction over the ancillary claims after the anchor claim has dropped out. *Id.* (quoting 14c Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3727 (collecting cases)).

Courts have found that it is appropriate to remand the ancillary claims after the federal claims have dropped out. *Sullivan v. Conway,* 157 F.3d 1092, 1095 (7th Cir.1998) ("[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, although if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction

---

[2] Following the dismissals of Crane and GE, CBS filed a Notice to Adopt GE's response in opposition to Plaintiff's Motion to Remand (Doc. 173). The Notice, filed over two months following the deadline to file oppositions to Plaintiff's Motion, is untimely.

over state-law claims.") (citations omitted); *see also Carr v. CIGNA Sec. Inc.,* 95 F.3d 544, 546 (7th Cir.1996).

The Seventh Circuit has identified three circumstances where remand would be inappropriate: (1) where the statute of limitations would bar the refiling of claims in state court; (2) where substantial judicial resources have already been spent on the litigation; and (3) where the outcome of the claims is obvious. *Williams Elecs. Games, Inc. v. Garrity,* 479 F.3d 904, 907 (7th Cir.2007) (citing *Wright v. Associated Ins. Cos.,* 29 F.3d 1244, 1251–52 (7th Cir.1994)). Where these exceptions do not apply, there is a reluctance to exercise jurisdiction over the remaining claims because of the strong interest of the state in enforcing its own laws. *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir.1999); *Kennedy v. Schoenberg Fisher & Newman, Ltd.,* 140 F.3d 716, 728 (7th Cir.1998). In addition to the state's interest, the federal judiciary has also expressed a preference towards remand in asbestos cases where one defendant out of many removes to federal court based on a federal defense. *See Futch,* 2007 WL 1752200; *Madden v. Able Supply Co.,* 205 F.Supp.2d 695 (S.D.Tex. 2002).

Here, the Court declines to exercise jurisdiction over this matter. The only basis for federal jurisdiction is the federal defense of two dismissed Defendants. No other defendant has raised the federal officer removal statute as a defense or objected to remand, the remaining claims are governed by state law and Plaintiff's choice of forum is state court. Accordingly, Plaintiff's motion is **GRANTED** and this case is **REMANDED** to the Third Judicial Circuit, Madison County, Illinois.

    **IT IS SO ORDERED.**

    DATED:  October 20, 2015

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**

3